The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

FREDRICK and ANNALESA THOMAS; and
JO-HANNA READ, as Guardian ad Litem of
E.T., a minor,

Plaintiffs,

v.

JASON CANNON; BRIAN MARKERT;
RYAN MICENKO; MICHAEL WILEY;
MICHAEL ZARO; CITY OF FIFE; CITY OF
LAKEWOOD.

Defendants.

FREDRICK THOMAS and ANNALESA
THOMAS, as Co-Administrators of the Estate
of Leonard Thomas, and its statutory
beneficiaries,

Plaintiffs,

v.

BRIAN MARKERT; MICHAEL WILEY;
NATHAN VANCE; MICHAEL ZARO;
SCOTT GREEN; JEFF RACKLEY; CITY
OF FIFE; CITY OF LAKEWOOD.

Defendants.

Nos. 3:15-05346 BJR
3:16-cv-05392
CONSOLIDATED CASES

FINAL JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**INSTRUCTION NO. 1**

**DUTY OF JURY - INSTRUCTIONS AT END OF CASE**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## INSTRUCTION NO. 2

### CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 3

### EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the clerk.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials,

you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**INSTRUCTION NO. 4**

**TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

## INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I have instructed you to accept as proved.

## INSTRUCTION NO. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**INSTRUCTION NO. 8**

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**INSTRUCTION NO. 9**

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 11**

**EXPERT OPINION**

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 12**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 13**

**GUARDIAN AD LITEM**

One of the plaintiffs in this case is "Jo-Hanna Read as Guardian ad Litem for E.T., a minor." A Guardian ad Litem is an individual appointed by the court to represent and protect the best interests of a child involved in a court case. Ms. Read has no other involvement in the case other than to represent and protect the best interests of E.T.

**INSTRUCTION NO. 14**

**INTRODUCTORY "ROADMAP" INSTRUCTION**

The Plaintiffs in this case are: (1) E.T., (2) Annalesa Thomas, (3) Fredrick Thomas, and (4) the Estate of Leonard Thomas.

The Defendants in this case are: (1) the City of Lakewood, (2) the City of Fife, (3) Jason Cannon, (4) Brian Markert, (5) Ryan Micenko, (6) Michael Wiley, (7) Michael Zaro, and (8) Nathan Vance.

The Plaintiffs bring several claims in this lawsuit. Not all of the Plaintiffs bring every claim and not all of the claims are against every Defendant. The following Instructions will indicate which claims are brought by which Plaintiffs and against which Defendants.

The Plaintiffs bring some of their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. The Plaintiffs bring other claims under Washington state law.

This Instruction will outline for you the claims that you will decide in this case.


**Under 42 U.S.C. § 1983, Plaintiffs bring the following claims:**

1.      Plaintiffs E.T. and the Estate of Leonard Thomas bring a Fourth Amendment and Fourteenth Amendment claim for the unreasonable seizure of E.T. from Leonard against Defendants Michael Zaro, Brian Markert, Michael Wiley, and the City of Lakewood.  See Instruction No. 16 and Verdict Form Question 1.

2.      Plaintiff the Estate of Leonard Thomas brings a Fourth Amendment claim for excessive force against Defendants Michael Zaro, Brian Markert, Michael Wiley, and the City of Lakewood.  See Instruction No. 17 and Verdict Form Question 2.

3.      Plaintiffs E.T., Fred Thomas, and Annalesa Thomas bring a Fourteenth Amendment claim for deprivation of their familial relationship with Leonard against Michael Zaro and the City of Lakewood.  See Instruction No. 19 and Verdict Form Question 3.

4.      Plaintiffs the Estate of Leonard Thomas, E.T., Fred Thomas, and Annalesa Thomas bring a Fourth Amendment claim for unreasonable seizure of their home through the use of the explosive breach against Defendants Michael Zaro, Michael Wiley, and the City of Lakewood.  See Instruction No. 21 and Verdict Form Question 4.

5.      Plaintiffs the Estate of Leonard Thomas and E.T. bring a Fourth Amendment claim for unreasonable seizure of their dog against Michael Wiley and Nathan Vance.  See Instruction No. 20 and Verdict Form Question 5.

6.      Plaintiff Fred Thomas brings a Fourth Amendment claim for unreasonable seizure of his person against Ryan Micenko, Jason Cannon, and Michael Zaro.  See Instructions No. 18 and 22 and Verdict Form Question 6.

**The Plaintiffs bring the following claims under Washington state law:**

7.      Plaintiff Fred Thomas brings a claim under Washington state law for false arrest against the Cities of Fife and Lakewood.  See Instruction No. 27 and Verdict Form Question 7.

8.      Plaintiffs E.T. and Annalesa Thomas bring a claim under Washington state law for outrage against the City of Lakewood.  See Instructions No. 28-30 and Verdict Form Question 8.

9.      Plaintiff E.T. brings a claim under Washington state law for negligence in the child abuse investigation that separated him from his father against the Cities of Fife and Lakewood.  See Instructions No. 31-37 and Verdict Form Question 9.

**INSTRUCTION NO. 15**

**SECTION 1983 CLAIM AGAINST DEFENDANTS IN INDIVIDUAL CAPACITY—**

**ELEMENTS AND BURDEN OF PROOF**

In order to prevail on each of their § 1983 claims against the individual Defendants Michael Zaro, Michael Wiley, Brian Markert, Nathan Vance, Ryan Micenko, and Jason Cannon, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. the Defendant acted under color of state law; and

2. the acts of the Defendant deprived the Plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that all Defendants acted under color of state law.

If, for each Section 1983 claim, you find the Plaintiffs have proved each of these elements, and if you find that the Plaintiffs have proved all the elements they are required to prove under Instructions No. 16, 17, 18, 19, 20, 21,or 22,  your verdict should be for the Plaintiffs on that claim. If, on the other hand, you find that the Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the Defendants on that claim.

**INSTRUCTION NO. 16**

**PARTICULAR RIGHTS—FOURTH AMENDMENT—SEIZURE OF CHILD**

**FROM PARENT**

One of the claims made by Plaintiffs E.T. and the Estate of Leonard Thomas is that Defendants Michael Zaro, Michael Wiley, and Brian Markert violated the rights of E.T. and Leonard as parent and child by seizing E.T. from Leonard in an unreasonable manner.

Parents and children have a constitutional right to live together without governmental interference.  A child is seized from his parent when an officer takes action such that a reasonable person in the same position as the parent would believe he cannot leave with his child or withhold consent to the officer retaining the child.  Officers may remove a child from his parent's custody without prior judicial authorization only if the information they possess at the time of the seizure provides reasonable cause to believe that the child is in imminent danger of serious bodily injury, and the scope of the intrusion is reasonably necessary to alleviate the threat to the child.

Therefore, in order to prevail on their claims that the Defendants violated their rights as parent and child to live together, Plaintiffs E.T. and the Estate of Leonard Thomas must prove by the preponderance of the evidence that:

1.  A reasonable person in the position of Leonard Thomas would not have felt free to leave the scene with E.T. or withhold consent to the officers taking E.T.; and

2.  The scope of the intrusion used to seize E.T. was not reasonably necessary to alleviate the threat posed to him.

**INSTRUCTION NO. 17**

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE
SEIZURE OF PERSON—EXCESSIVE (DEADLY AND NONDEADLY) FORCE**

Plaintiff the Estate of Leonard Thomas brings a Fourth Amendment claim for excessive force. It brings this claim against Defendant Michael Zaro, Defendant Brian Markert, Defendant Michael Wiley, and Defendant the City of Lakewood. In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or others. Therefore, in order to prove an unreasonable seizure in this case, Plaintiff the Estate of Leonard Thomas must prove by a preponderance of the evidence that the officers used excessive force when they shot Leonard Thomas.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officers are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. the nature of the crime or other circumstances known to the officers at the time force was applied;

2. whether Leonard Thomas posed an immediate threat to the safety of the officers or to others;

3. whether Leonard Thomas was actively resisting arrest;

4. the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. the type and amount of force used;

6. the availability of alternative methods to subdue Leonard Thomas;

7. whether it was practical for the officers to give warning of the imminent use of force, and whether such warning was given;

8. whether the officers were responding to a domestic violence disturbance;

9. whether it should have been apparent to the officers that the person they used force against was emotionally disturbed;

10. whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

11. whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

**INSTRUCTION NO. 18**

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE (DEADLY AND NONDEADLY) FORCE**

Plaintiff Fredrick Thomas brings a Fourth Amendment claim for excessive force. He brings this claim against Defendant Jason Cannon and Defendant Ryan Micenko. In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or others. Therefore, in order to prove an unreasonable seizure in this case, Plaintiff Fredrick Thomas must prove by a preponderance of the evidence that the officers used excessive force in the course of arresting Fredrick Thomas.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officers are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. the nature of the crime or other circumstances known to the officers at the time force was applied;

2. whether Fredrick Thomas posed an immediate threat to the safety of the officers or to others;

3. whether Fredrick Thomas was actively resisting arrest or attempting to evade arrest by flight;

4. the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. the type and amount of force used;

6. the availability of alternative methods to subdue Fredrick Thomas;

7. whether it was practical for the officers to give warning of the imminent use of force, and whether such warning was given;

8. whether the officers were responding to a domestic violence disturbance;

9. whether it should have been apparent to the officers that the person they used force against was emotionally disturbed;

10. whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

11. whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

**INSTRUCTION NO. 19**

**PARTICULAR RIGHTS—FOURTEENTH AMENDMENT—SUBSTANTIVE DUE PROCESS—INTERFERENCE WITH PARENT/CHILD RELATIONSHIP**

Plaintiffs E.T., Annalesa Thomas, and Fred Thomas claim that Defendant Michael Zaro violated their rights under the due process clause of the Fourteenth Amendment to the Constitution by depriving them of their familial relationship with Leonard Thomas.

Official conduct that shocks the conscience in depriving family members of their relationship with their parent or child is a due process violation. Where the circumstances of the official conduct are such that actual deliberation was practical, an officer's deliberate indifference may suffice to shock the conscience. Deliberate indifference is the conscious or reckless disregard of the consequence of one's acts or omissions.

Therefore, in order to prove their claims that Michael Zaro violated their due process rights, Plaintiffs E.T., Annalesa and Fred Thomas must prove by a preponderance of the evidence that:

1.  Michael Zaro caused the Plaintiff(s) to be deprived of their familial relationship with Leonard Thomas;

2.  At the time Michael Zaro caused the Plaintiff(s) to be deprived of their familial relationship with Leonard Thomas actual deliberation was practical; and

3.  In causing Plaintiff(s) to be deprived of their familial relationship with Leonard Thomas, Michael Zaro consciously or recklessly disregarded the foreseeable consequence that Plaintiff(s) would be deprived of their familial relationship.

**INSTRUCTION NO. 20**

**PARTICULAR RIGHTS—FOURTH AMENDMENT—SEIZURE OF PROPERTY**

Plaintiffs E.T. and the Estate of Leonard Thomas bring a claim for unreasonable seizure in violation of the Fourth Amendment to the Constitution against Defendants Michael Wiley and Nathan Vance. They claim that Defendant Michael Wiley and Defendant Nathan Vance deprived them of their rights under the Fourth Amendment to the Constitution when they shot and killed their dog Baxter.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his property.  In order to prove Defendant Michael Wiley and/or Defendant Nathan Vance deprived Plaintiff E.T. and/or the Estate of Leonard Thomas of their Fourth Amendment right, the Plaintiffs must prove the following elements by a preponderance of the evidence:

1.   Defendant Michael Wiley and/or Defendant Nathan Vance seized Plaintiffs' property;

2.   In seizing the Plaintiffs' property**,** Defendant Michael Wiley and/or Nathan Vance acted intentionally; and

3.   The seizure was unreasonable.

**INSTRUCTION NO. 21**

**PARTICULAR RIGHTS—FOURTH AMENDMENT—SEIZURE OF PROPERTY**

Each of the Plaintiffs brings a claim for unreasonable seizure of their house through the use of the explosive breach in violation of the Fourth Amendment to the Constitution. This claim is brought against Defendant Michael Zaro and Defendant Michael Wiley.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his property. In order to prove Defendant Michael Zaro and/or Defendant Michael Wiley deprived Plaintiffs of their Fourth Amendment right, the Plaintiffs must prove the following elements by a preponderance of the evidence:

1. Defendant Michael Zaro and/or Defendant Michael Wiley seized Plaintiffs' property;

2. In seizing the Plaintiffs' property, Defendant Michael Zaro and/or Michael Wiley acted intentionally; and

3. The seizure was unreasonable.

**INSTRUCTION NO. 22**

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE**

**SEIZURE OF PERSON—PROBABLE CAUSE ARREST**

Plaintiff Fred Thomas bring a claim for unreasonable seizure under the Fourth Amendment. He brings this claim against Defendants Ryan Micenko, Jason Cannon, and Michael Zaro. In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the Plaintiff Fred Thomas must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

Under state law, it is a crime to willfully hinder, delay, or obstruct any law enforcement officer in the discharge of his or her official powers or duties.

**INSTRUCTION NO. 23**

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS**

**BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF**

Plaintiffs E.T., Annalesa Thomas, Fred Thomas, and the Estate each bring claims for violations of their rights under the United States Constitution against Defendant the City of Lakewood pursuant to Section 1983. A municipality may be liable for constitutional violations under Section 1983 if a municipality official with policymaking authority ratifies a subordinate's unconstitutional conduct. In order for Plaintiffs E.T., Annalesa Thomas, Fred Thomas, and/or the Estate to prevail on their Section 1983 claims against the City of Lakewood based on ratification by a final policymaker, they must prove each of the following elements by a preponderance of the evidence:

1. the individual Defendants acted under color of state law;

2. the acts of the individual Defendants deprived the Plaintiff**(s) of his or her** particular rights under the United States Constitution as explained in Instructions  16, 17, 19, or 21;

3. Michael Zaro acted under color of state law;

4. Michael Zaro had final policymaking authority from Defendant City of Lakewood concerning the acts of the individual Defendants; and

5. Michael Zaro ratified the individual Defendants' acts, that is, Michael Zaro knew of and specifically made a deliberate choice to approve the individual Defendants' acts and the basis for it.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the individual Defendants acted under color of state law.

I instruct you that Michael Zaro had final policymaking authority from Defendants City of Lakewood concerning the acts at issue and, therefore, the fourth element requires no

proof.

If you find that Plaintiff(s) has proved each of these elements, and if you find that the Plaintiff(s) has proved all the elements he or she is required to prove under Instructions 16, 17, 19, or 21, your verdict should be for the Plaintiff(**s**) on this claim. If, on the other hand, the Plaintiff(s) has failed to prove any one or more of these elements, your verdict should be for Defendant City of Lakewood on this claim.

**INSTRUCTION NO. 24**

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON ACTS OF FINAL POLICYMAKER—ELEMENTS AND BURDEN OF PROOF**

Plaintiffs E.T., Annalesa Thomas, Fred Thomas, and the Estate each bring claims for violations of their rights under the United States Constitution against Defendant the City of Lakewood pursuant to Section 1983. A municipality may be liable for an official's unconstitutional conduct if the officer has final policymaking authority of the municipality. In order for Plaintiffs E.T., Annalesa Thomas, Fred Thomas, and/or the Estate to prevail on their Section 1983 claims against the City of Lakewood, they must prove each of the following elements by a preponderance of the evidence:

1.       Lakewood Acting Police Chief Michael Zaro acted under color of state law;

2.       The acts of Michael Zaro deprived the Plaintiff(**s**) of his or her particular rights under the United States Constitution as explained in Instruction Nos. 16, 17, 19, or 21;

3.       Michael Zaro had final policymaking authority from Defendant the City of Lakewood concerning these acts;

4.       When Michael Zaro engaged in these acts, he was acting as a final policymaker for Defendant the City of Lakewood; and

5.       The acts of Michael Zaro caused the deprivation of the Plaintiff(s)' rights; that is, his acts are so closely related to the deprivation of the Plaintiff(s)' rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Michael Zaro acted under color of state law, so you must accept the third element as proven.

I instruct you that Michael Zaro had final policymaking authority from the City of Lakewood concerning the acts at issue and, therefore, you must accept that element as proven.

If you find that Plaintiff(s) has proved each of these elements, and if you find that the Plaintiff(s) has proved all the elements he or she is required to prove under Instructions 16, 17, 19, or 21, your verdict should be for Plaintiff(**s**) on this claim. If, on the other hand, Plaintiff(**s**) has failed to prove any one or more of these elements, your verdict should be for Defendant the City of Lakewood on this claim.

**INSTRUCTION NO. 25**

**MANDATORY ARREST**

A police officer shall arrest and take into custody, pending release on bail, personal recognizance, or court order, a person without a warrant when the officer has probable cause to believe that:

The person is eighteen years or older and within the preceding four hours has assaulted a family or household member as defined in RCW 10.99.020 and the officer believes:

(i)      A felonious assault has occurred;

(ii)    an assault has occurred which has resulted in bodily injury to the victim, whether the injury is observable by the responding officer or not; or

(iii)   that any physical action has occurred which was intended to cause another person reasonably to fear imminent serious bodily injury or death.

Bodily injury means physical pain, illness, or an impairment of physical condition. When the officer has probable cause to believe that family or household members have assaulted each other, the officer is not required to arrest both persons.

The officer shall arrest the person whom the officer believes to be the primary physical aggressor. In making this determination, the officer shall make every reasonable effort to consider: (A) The intent to protect victims of domestic violence under RCW 10.99.010; (B) the comparative extent of injuries inflicted or serious threats creating fear of physical injury; and (C) the history of domestic violence of each person involved, including whether the conduct was part of an ongoing pattern of abuse.

Family or household members" means adult persons related by blood or marriage or who have resided together in the past and persons who have a biological or legal parent-child relationship, including stepparents and stepchildren and grandparents and grandchildren.

Assault in the fourth degree is a gross misdemeanor.

**INSTRUCTION NO. 26**

**STATE LAW CLAIMS—ACTS OF AGENT ARE ATTRIBUTED TO PRINCIPAL**

Plaintiffs Annalesa Thomas, Fred Thomas, and E.T. also bring state law claims. With respect to those state law claims only, the Fife police officers were acting as agents of the defendant City of Fife, and the Lakewood police officers were acting as agents of the defendant City of Lakewood.  Therefore, any act or omission of the Fife officers was the act or omission of the City of Fife, and any act or omission of the Lakewood officers was the act or omission of the City of Lakewood.

**INSTRUCTION NO. 27**

**FALSE ARREST**

Plaintiff Fred Thomas brings a claim under state law for false arrest. He brings this claim against Defendant the City of Fife and Defendant the City of Lakewood.

In order to prevail on this claim against either Defendant the City of Fife or Defendant the City of Lakewood, Plaintiff Fred Thomas must prove each of the following elements by a preponderance of the evidence:

- On May 23-24, 2013, agents of that defendant arrested Fred Thomas, or caused him to be arrested;

- The arrest was made without probable cause;

- The arrest caused injury or damage to Plaintiff Fred Thomas.

If you find that Plaintiff Fred Thomas has proved each of these elements with respect to a defendant, your verdict should be for Plaintiff Fred Thomas against that defendant on this claim.  If, on the other hand, you find that Plaintiff Fred Thomas has failed to prove any one or more of these elements with respect to a defendant, your verdict should be for that defendant on that claim.

**INSTRUCTION NO. 28**

**OUTRAGE—BURDEN OF PROOF**

Plaintiffs E.T. brings a claim under state law for outrage. He brings this claim against Defendant the City of Lakewood. Under state law, a person who intentionally or recklessly causes emotional distress to another by extreme and outrageous conduct is liable for severe emotional distress resulting from such conduct.

In order to prevail on this claim against Defendant the City of Lakewood, Plaintiff E.T. has the burden of proving each of the following elements:

(1) That the Defendants engaged in extreme and outrageous conduct;

(2) That the Defendants' conduct caused severe emotional distress to Plaintiff E.T.;

(3) That the Defendants intentionally or recklessly caused the emotional distress; and

(4) That the Plaintiff E.T. was a direct recipient of the extreme and outrageous conduct or was an immediate family member of a direct recipient of the conduct and was present at the time the conduct occurred.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for Plaintiff E.T. on the outrage claim. On the other hand, if you find that any of these propositions has not been proved, your verdict should be for the Defendants on this claim.

**INSTRUCTION NO. 29**

**OUTRAGE—BURDEN OF PROOF**

Plaintiff Annalesa Thomas brings a claim under state law for outrage. She brings this claim against Defendant the City of Lakewood. Under state law, a person who intentionally or recklessly causes emotional distress to another by extreme and outrageous conduct is liable for severe emotional distress resulting from such conduct.

In order to prevail on this claim against Defendant the City of Lakewood, Plaintiff Annalesa Thomas has the burden of proving each of the following elements:

(1) That the Defendants engaged in extreme and outrageous conduct;

(2) That the Defendants' conduct caused severe emotional distress to Plaintiff Annalesa Thomas;

(3) That the Defendants intentionally or recklessly caused the emotional distress; and

(4) That the Plaintiff Annalesa Thomas was a direct recipient of the extreme and outrageous conduct or was an immediate family member of a direct recipient of the conduct and was present at the time the conduct occurred.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for the Plaintiff Annalesa Thomas on the outrage claim. On the other hand, if you find that any of these propositions has not been proved, your verdict should be for the Defendants on this claim.

**INSTRUCTION NO. 30**

**Outrage—Extreme and Outrageous Conduct—Definition**

Conduct may be considered extreme and outrageous only when the conduct is so extreme in degree and outrageous in character as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

In deciding whether **a** defendant's conduct was extreme and outrageous, you should consider all the evidence bearing on the question and may consider, among others, the following specific factors:

(1) the position occupied by the defendant; (2) whether the plaintiff was particularly susceptible to emotional distress, and if the defendant knew of this fact; (3) whether the degree of emotional distress caused by the defendant was severe as opposed to mere annoyance, inconvenience, or normal embarrassment; and (4) whether the actor was aware that there was high probability that his or her conduct would cause severe emotional distress and proceeded in a conscious disregard of it.

**INSTRUCTION NO. 31**

**NEGLIGENT INVESTIGATION—ELEMENTS**

This claim is made by Plaintiff E.T. against Defendant the City of Fife and Defendant the City of Lakewood. Plaintiff E.T. claims under state law that each of these Defendants conducted or engaged in a negligent investigation that caused the wrongful, permanent removal of E.T. from his father.

In order to prevail on this claim against one of these Defendants, E.T. must prove each of the following elements by a preponderance of the evidence:

- On May 23-24, 2013, one or more officers of the City of Lakewood and/or the City of Fife caused, conducted or engaged in an investigation of child abuse or neglect of E.T.;

- In doing so the officer(s) failed to exercise reasonable care;

- The officer(s)' failure to exercise reasonable care caused E.T. to be removed from a non-abusive home;

- The officer(s)' failure to exercise reasonable care caused damage to that plaintiff.

If you find E.T. has proved each of these elements with respect to Defendant the City of Fife and/or Defendant the City of Lakewood, your verdict should be for E.T. against that Defendant on this claim.  If, on the other hand, you find that E.T. has failed to prove any one or more of these elements with respect to Defendant the City of Fife and/or Defendant the City of Lakewood, your verdict should be for that Defendant on that claim.

**INSTRUCTION NO. 32**

**NEGLIGENCE – ADULT - DEFINITION**

Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances.

**INSTRUCTION NO. 33**

**ORDINARY CARE – ADULT - DEFINITION**

Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances.

**INSTRUCTION NO. 34**

**RIGHT TO ASSUME OTHERS WILL EXERCISE ORDINARY CARE**

Every person has the right to assume that others will exercise ordinary care and comply with the law, and a person has a right to proceed on such assumption until he or she knows, or in the exercise of ordinary care should know, to the contrary.

**INSTRUCTION NO. 35**

**PROXIMATE CAUSE—DEFINITION**

A cause of an injury is a proximate cause if it is related to the injury in two ways: (1) the cause produced the injury in a direct sequence unbroken by any superseding cause, and (2) the injury would not have happened in the absence of the cause.

There may be more than one proximate cause of an event.

## INSTRUCTION NO. 36

### PROXIMATE CAUSE—SUPSERSEDING CAUSE

A superseding cause is a new independent cause that breaks the chain of proximate causation between a defendant's negligence and an injury.

If you find that a Defendant was negligent but that the sole proximate cause of the injury was a later independent intervening force that the Defendant, in the exercise of ordinary care, could not reasonably have anticipated, then any negligence of the Defendant is superseded and such negligence was not a proximate cause of the injury. If, however, you find that the Defendant was negligent and that in the exercise of ordinary care, the Defendant should reasonably have anticipated the later independent intervening force, then that force does not supersede Defendant's original negligence and you may find that the Defendant's negligence was a proximate cause of the injury.

It is not necessary that the sequence of events or the particular resultant injury be foreseeable. It is only necessary that the resultant injury fall within the general field of danger which the defendant should reasonably have anticipated.

### INSTRUCTION NO. 37

### NEGLIGENCE OF DEFENDANT CONCURRING WITH OTHER CAUSES

There may be more than one proximate cause of the same event. If you find that a defendant's acts were a proximate cause of injury or injury or damage to a plaintiff, it is not a defense that some other cause may also have been a proximate cause.

However, if you find that the sole proximate cause of injury or damage to the plaintiff was some other force, some other cause, or the act of some other person who is not a party to this lawsuit, then your verdict should be for the defendant.

**INSTRUCTION NO. 38**

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for any of the plaintiffs, you must determine that plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by the Defendants. You should consider the following:

The nature and extent of each plaintiff's injuries;

The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

Deprivation of life;

The length and severity of disruption to a family relationship;

The loss to a child of a parent.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1

2

**INSTRUCTION NO. 39**

3

**PUNITIVE DAMAGES**

4          If you find for any of the plaintiffs on their Section 1983 claims, you may, but are not

5     required to, award punitive damages. The purposes of punitive damages are to punish a

6     defendant and to deter similar acts in the future. Punitive damages may not be awarded to

7     compensate a plaintiff.

8          The plaintiff has the burden of proving by a preponderance of the evidence that

9     punitive damages should be awarded and, if so, the amount of any such damages.

10         You may award punitive damages only if you find that the defendant's conduct that

11    harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's

12    rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose

13    of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the

14    circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the

15    defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights

16    under federal law.  An act or omission is oppressive if the defendant injures or damages or

17    otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as

18    by misusing or abusing authority or power or by taking advantage of some weakness or

19    disability or misfortune of the plaintiff.

20         If you find that punitive damages are appropriate, you must use reason in setting the

21    amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes

22    but should not reflect bias, prejudice or sympathy toward any party.  In considering the

23    amount of any punitive damages, consider the degree of reprehensibility of the defendant's

24    conduct.

25         In addition, you may consider the relationship of any award of punitive damages to

26    any actual harm inflicted on the plaintiff.

27         Punitive damages may not be awarded against the City of Lakewood or the City of

Fife.  You may impose punitive damages against one or more of the individual defendants and not others, and may award different amounts against different defendants.

**INSTRUCTION NO. 40**

**ADMITTED FACTS**

The Defendants have admitted the following facts.  You must therefore treat these facts as having been proved.

1)        At 10:28 p.m., Lt. Green spoke with Leonard at length.  Lt. Green reported that Leonard explained he had been assaulted by his mother, he was upset about the recent loss of his friend, he did not want to come out, and he would not allow the officers in the house.  Lt. Green also reported that Leonard "advised he was with his 4 year old son and that we were scaring his son" and "demanded" that the police leave.

2)        Officer Kenyon could observe Leonard interact with his child and said it looked like the child "was laughing with his dad."

## INSTRUCTION NO. 41

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views. Requests for the reading back of trial testimony will not be granted by the Court. You must rely on your collective memories as to the trial testimony.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 42**

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. 43**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.