Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| FREDRICK and ANNALESA THOMAS; and JO-HANNA READ, as Guardian ad Litem of E.T., a minor, and the Estate of Leonard Thomas,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN MARKERT et al,<br><br>Defendants. | Nos. 3:15-05346 BJR<br>  3:16-cv-05392<br>CONSOLIDATED CASES<br><br>[PROPOSED] ORDER ON THOMAS FAMILY PLAINTIFFS' PETITION FOR ATTORNEYS' FEES, COSTS AND EXPENSES |

Plaintiffs Annalesa Thomas, Fred Thomas, and E.T. ("the Thomas Family Plaintiffs") have moved pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(2), and LCR 7(d)(3) for an order awarding attorneys' fees and nontaxable expenses as the prevailing party on the judgment entered on July 14, 2017. Dkt. 247. The Court has reviewed the submissions of the parties and is fully advised and orders as follows:

**1. The Thomas Family Is Entitled to Reasonable Attorneys' Fees and Expenses.**

Under 42 U.S.C. § 1988, a plaintiff who prevails under § 1983 "should ordinarily recover an attorneys' fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The Thomas Family Plaintiffs are prevailing parties.

**2. The Thomas Family Plaintiffs' Attorneys' Fees Request is Reasonable.**

 The Thomas Family plaintiffs are requesting a straight "lodestar" fee, the product of the number of attorney hours reasonably expended in the litigation multiplied by the attorney's reasonable rate of hourly compensation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The lodestar calculation also includes the number of hours reasonably spent by paralegals and investigators. *See Missouri v. Jenkins*, 491 U.S. 274, 277 (1989).

Under the lodestar method, "a district court must start by determining how many hours

PLAINTIFF'S PETITION FOR ATTORNEYS' FEES - 1

No. %
Nos. 3:15-05346/3:16-cv-05392 BJR
10633.1 kh011402

**MACDONALD HOAGUE & BAYLESS**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno*, 534 F.3d at 1111.

### a. The Hourly Rates of Plaintiffs' Counsel and Staff are Reasonable.

"The hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno*, 534 F.3d at 1114.  This case involved novel issues and was difficult and required skill to try.  The Thomas Family's counsels' fees were contingent.  Counsel were highly experienced in such matters, and have been compensated at their requested hourly rates by courts and in the market.  The hourly rates requested are not inconsistent with fee awards in similarly difficult cases.

The hourly rates requested by Plaintiffs' legal team—are reasonable and well within the range of hourly rates charged and recovered by attorneys and paralegals of comparable experience in the local market for civil rights and other civil litigation.

### b. The Number of Hours Expended by MHB Counsel Are Reasonable.

Plaintiffs seek compensation for **2,233 hours** spent on this case by MHB attorneys, and for **1,956.3 hours** worked by their paralegals and other staff.  *See* Dkt. 248, ¶ 43 (Declaration of David Whedbee).  "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation . . . ." *Hensley*, 461 U.S. at 435.  The number of hours expended was reasonable in light of the unusual magnitude and complexity of this case and the result obtained.  *See Hensley*, 461 U.S. at 436 ("the most critical factor in determining the reasonableness of a fee award is the degree of success obtained") (internal quotation marks omitted).

Plaintiffs have requested lodestar fees as follows:

PLAINTIFF'S PETITION FOR ATTORNEYS' FEES - 2

No. %
Nos. 3:15-05346/3:16-cv-05392 BJR
10633.1 kh011402

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604   Fax 206.343.3961

| TIMEKEEPER | RATE | GROSS HOURS | CLAIMED HOURS | TOTAL |
|---|---|---|---|---|
| Tim Ford | $600.00 | 703.30 | 697.10 | $ 418,260.00 |
| David Whedbee | $425.00 | 762.30 | 750.50 | $ 318,962.50 |
| Tiffany Cartwright | $350.00 | 736.00 | 736.00 | $ 257,600.00 |
| Angela Galloway | $325.00 | 183.30 | 26.20 | $ 8,515.00 |
| Sam Kramer | $275.00 | 16.50 | 16.50 | $ 4,537.50 |
| Troy Locati | $220.00 | 642.50 | 642.50 | $ 141,350.00 |
| Cristy Caldwell | $175.00 | 942.30 | 942.30 | $ 164,902.50 |
| Patrick R. Felde | $175.00 | 392.77 | 369.30 | $ 64,627.50 |
| Joe Shaeffer | $450.00 | 2.60 | 2.60 | $ 1,170.00 |
| Jesse Wing | $500.00 | 2.00 | 2.00 | $ 1,000.00 |
| Katie Chamberlain | $425.00 | 1.40 | 1.40 | $ 595.00 |
| Kay Frank | $400.00 | 0.70 | 0.70 | $ 350.00 |
| Laura Faulstich | $175.00 | 1.70 | 1.70 | $ 297.50 |
| Terri Flink | $ 85.00 | 0.50 | 0.50 | $ 42.50 |
| **TOTAL FEES** | | | 4189.30 | **$1,382,210.00** |

*See* Whedbee Dec., ¶ 43.  In light of the level of success achieved in this case, and its magnitude and complexity, this is a reasonable fee.

### 3. Plaintiffs Are Entitled to Fees for Litigating Post-Trial Motions

A prevailing party under Section 1988 is entitled to recover fees for work performed in preparing the motion for attorney's fees itself, and for other post-trial motions. *See, e.g., Webb v. Ada County*, 285 F.3d 829, 835 (9th Cir.2002); *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir.1986).

To date, Plaintiffs have incurred additional fees, post-judgment, for preparing and litigating Plaintiffs' Motion for *Additur* (Dkt. 242) and their Petition for Attorneys' Fees, Costs, and Expenses.  Based on the same hourly rates set out above, and a total of 96.4 hours worked on post-judgment tasks, the additional $35,378.00 in attorneys' fees is reasonable.

PLAINTIFF'S PETITION FOR ATTORNEYS' FEES - 3

No. %
Nos. 3:15-05346/3:16-cv-05392 BJR
10633.1 kh011402

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

### 4. The Litigation Expenses Requested Are Reasonable.

"It is well established that attorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920." *Trustees v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006). Reasonable out-of-pocket litigation expenses include the costs of postage, copying, meals, messenger service, and defense experts' fees at depositions. *Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994). They also include such expenses as fees paid to private investigators, *Deocampo v. Potts*, 2014 WL 788429, at *13 (E.D. Cal. Feb 25, 2014), and jury and trial consultants, *Carter v. Chicago Police Officers*, 1996 WL 446756, at *4 (N.D. Ill. Aug. 1, 1996).

Plaintiffs to recover costs incurred for the following: in-house printing and photocopying, mileage and parking, records requests, postage and delivery, filing fee, depositions (stenographic) and (video), defense expert fees for sitting for deposition, court transcripts, mediation, closed caption demonstrative trial exhibits, witness fees and mileage, witness travel and subsistence, meals, and guardian ad litem expenses, among other miscellaneous expenses. *See* Dkt. 249, ¶ 9 (Declaration of Tiffany Cartwright). Plaintiffs seek an award of $66,686.77 in out-of-pocket litigation expenses.

The Court finds that these expenses were all reasonably incurred and awards the amount claimed by Plaintiffs.

### CONCLUSION

The Thomas Family Plaintiffs are awarded **$1,382,210.00** in pre-judgment fees; **$66,686.77** in pre-judgment expenses, and **$35,378.00** in post-judgment fees and expenses to date.

PLAINTIFF'S PETITION FOR ATTORNEYS' FEES - 4

No. %
Nos. 3:15-05346/3:16-cv-05392 BJR
10633.1 kh011402

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

## CERTIFICATE OF SERVICE

I certify that on the 1st day of August, 2017, I filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Attorneys for All Defendants:

| | |
|---|---|
| Richard B. Jolley: | rjolley@kbmlawyers.com |
| Jeremy Culumber: | jculumber@kbmlawyers.com |
| Brian Augenthaler | baugenthaler@kbmlawyers.com |

Attorneys for Plaintiffs (3:16-cv-05392 BJR):

| | |
|---|---|
| John Connelly | jconnelly@connelly-law.com |
| Meaghan Driscoll | mdriscoll@connelly-law.com |

Attorneys for Plaintiffs (3:15-cv-05346 BJR):

| | |
|---|---|
| Tim Ford | timf@mhb.com |
| David Whedbee | davidw@mhb.com |
| Tiffany Cartwright | tiffanyc@mhb.com |

s/*Terri Flink*
Terri Flink, Legal Assistant

PLAINTIFF'S PETITION FOR ATTORNEYS' FEES - 5

No. %
Nos. 3:15-05346/3:16-cv-05392 BJR
10633.1 kh011402

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604   Fax 206.343.3961