# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FREDRICK and ANNALESA THOMAS; and JO-HANNA READ, as Guardian ad Litem of E.T., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>JASON CANNON; BRIAN MARKERT; RYAN MICENKO; MICHAEL WILEY; MICHAEL ZARO; CITY OF FIFE; CITY OF LAKEWOOD; and PIERCE COUNTY METRO SWAT TEAM,<br><br>Defendants.<br><br>―――――――――――――――――<br>FREDRICK THOMAS and ANNALESA THOMAS, as Co-Administrators of the Estate of Leonard Thomas, and its statutory beneficiaries,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN MARKERT; MICHAEL WILEY; NATHAN VANCE; MICHAEL ZARO; SCOTT GREEN; JEFF RACKLEY; CITY OF FIFE; CITY OF LAKEWOOD; PIERCE COUNTY METRO SWAT TEAM; and JOHN DOES 1 through 10,<br><br>Defendants. | Nos. 3:15-05346 BJR<br>     3:16-cv-05392<br>CONSOLIDATED CASES<br><br>ORDER GRANTING IN PART PLAINTIFF THE ESTATE'S PETITION FOR ATTORNEY FEES, COSTS, AND EXPENSES |

## I. **INTRODUCTION**

Plaintiff the Estate of Leonard Thomas moves pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(2), and LCR 7(d)(3) for an order awarding attorneys' fees and nontaxable expenses as the prevailing party on the judgment entered on July 14, 2017. (ECF 252.) Plaintiff initially requested $786,990 in fees and $42,387.33 in costs. (ECF 252.) In a supplemental declaration, Plaintiff requested an additional $121,732.50 in fees and $5,291.90 in costs. (ECF 340.) In a final supplemental declaration, Plaintiff requested a further $3,062.50 in fees. (ECF 365.)

Having reviewed the parties' submissions, the record of the case, and the relevant legal authority, the Court will GRANT IN PART Plaintiff's Motion.

## II. **DISCUSSION**

Under 42 U.S.C. § 1988(b), a plaintiff who prevails under § 1983 "should ordinarily recover an attorneys' fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Plaintiff is requesting a "lodestar" fee, the product of the number of attorney hours reasonably expended in the litigation multiplied by the attorney's reasonable rate of hourly compensation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The lodestar calculation also includes the number of hours reasonably spent by paralegals and investigators. *See Missouri v. Jenkins*, 491 U.S. 274, 277 (1989). Under the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno*, 534 F.3d at 1111. The number of hours to be compensated is calculated by considering whether the time could reasonably have been billed to a private client. *Id.* (citing *Hensley*, 461 U.S. at 434). As a general rule, "the court should defer

2

to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Id.* at 1112. Defendants raise a number of objections to the hours and wages claimed by Plaintiff, which the Court will address in turn.

**A. Hourly Rates**

Defendants challenge the hourly rates charged by three individuals at Connelly Law Offices, the firm representing Plaintiff. John R. Connelly, the partner and lead trial counsel, requests $625 per hour; Meaghan M Driscoll, an associate and second chair, requests $350 per hour, and Brooke E. Marvin, a litigation paralegal, requests $150 per hour. In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County,* 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should also consider the experience, skill, and reputation of the attorney requesting fees. *Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 906 (9th Cir. 1995). The Court is allowed to rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian,* 647 F.3d 925, 928 (9th Cir. 2011).

In support of his proposed rate of $625 per hour, Connelly identifies a 2012 case where the Court approved his rate of $550 per hour. *Ostling v. City of Bainbridge Island*, No. 3:11-CV-05219-RBL, 2012 WL 4846252, at *1 (W.D. Wash. Oct. 11, 2012). Defendants suggest $550 remains the maximum rate that Connelly may reasonably charge. Consistent with the Court's finding that Tim Ford is entitled to $600 per hour for his efforts on behalf of the Thomas family plaintiffs, the Court finds that Connelly is entitled to $600 per hour as well.

Driscoll is a 2015 law school graduate with prior experience as second chair trial counsel in a wrongful death motor vehicle collision case. (ECF 254 at 2.) In support of her proposed rate

3

of $350 per hour, Driscoll provides the National Law Journal's 2013 sampling of nationwide billing rates. (ECF 254 Ex. B.) The sampling reveals that for the Seattle market, Perkins Coie, a large international law firm, charges $215 per hour for "associate low" and $405 per hour for "associate average." (*Id.*) Angela Galloway, a fifth year associate for the Thomas family plaintiffs, billed $325 per hour. (ECF 247 at 10.) Sam Kramer, an attorney for the Thomas family plaintiffs who, like Driscoll, graduated law school in 2015, billed $275 per hour, which a King County Superior Court judge found reasonable in January 2017. (*Id.*) The Court agrees that this is a reasonable rate for Driscoll.

Marvin is a paralegal with over 16 years of experience. (ECF 255 at 2.) Defendants note that paralegals with unknown experience were awarded $110 per hour in a 2016 case. *Rookaird v. Bnsf Ry. Co.*, No. 14-176RSL, 2016 WL 7180305, at *3 (W.D. Wash. Dec. 9, 2016). Plaintiffs, meanwhile, note that Christy Caldwell, a paralegal for the Thomas family plaintiffs with less experience than Marvin, billed at $175 per hour. The Court is satisfied that $150 per hour is a reasonable rate for Marvin.

### B. Duplicative, Unreasonable, or Vague Entries

Defendants contend that several of Plaintiff's hourly entries are duplicative, unreasonable, or lack sufficient description. First, Defendants object to Plaintiff's practice of billing nine hours a day for trial, in addition to five to seven hours each day for preparation. Including a full lunch period and all other breaks, trial days generally lasted from 9:00 am to 4:30 pm, or 7.5 hours. Thus, the Court finds 7.5 hours to be a reasonable sum to be billed for "trial" each day, and reduces Connelly's time by 15 hours, Driscoll's time by 12 hours, and Marvin's time by 15 hours. (Unlike Connelly and Marvin, Driscoll did not bill 9 hours for trial on July 5 and July 6, 2018.)

4

Next, Defendants argue that Connelly should not be compensated for the 3.8 hours spent on initial case evaluation, because he has not put forth evidence that his firm generally charges individuals who bring potential lawsuits to him for initial consultations. Plaintiff does not respond to this objection, and so Connelly's time is reduced by 3.8 hours.

Defendants ask the Court to deduct all entries for intra-office conferences. As the Court ruled on the Thomas family plaintiffs' fee motion, these periodic consultations were reasonably necessary to prepare the case.

Defendants ask the Court to deduct 90 hours from Marvin's fee petition because there was no need for the paralegal's assistance. However, Defendants recognize that Defendants and the Thomas family plaintiffs employed three attorneys each at trial, while the Estate employed two attorneys and a paralegal. The Court finds that Plaintiff's use of a paralegal instead of a third attorney was reasonable and cost-effective.

Next, Defendants ask the Court to reduce Plaintiff's fee request by 20% due to block-billing. Block-billing is "the method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch*, 480 F.3d at 945 n.2. "A party complaining about attorney fees has a burden of stating their complaints with particularity." *Nat. Res. Def. Council v. Locke*, 771 F. Supp. 2d 1203, 1214 (N.D. Cal. 2011) (alterations adopted). While the Ninth Circuit has permitted a 20% deduction for block-billed entries, it has held that it is error for a district court to apply a 20% reduction to *all* of an attorney's requested hours because the reduction may only be applied to "those hours that were actually billed in block format." *Welch*, 480 F.3d at 948.

In *Banas v. Vocano Corp.*, 47 F. Supp. 3d 957 (N.D. Cal. 2014), the Court imposed a 20% reduction where a firm routinely billed in increments of several hours where each entry included

a variety of tasks performed. 47 F. Supp. 3d at 967 ("For example, in entry 2259, a Cooley partner block-billed 6.1 hours for: 'Attention to trial preparation; conference call with M. Rhodes and D. Lippoldt re: trial planning, summary judgment hearing and budget; attention to sanctions motion filed by plaintiff and plan response to motion with A. Main; attention to preparation for summary judgment hearing and communication with M. Rhodes and A. Main re: same; attention to jury instructions and voir dire form and communicate with B. Lobo re: same.'"). The Court explained:

> Without specifying how much spent was spent on each distinct task (most of which were also performed on additional days), there is no way for me to determine whether the time spent on any of these tasks—e.g., trial preparation, summary judgment briefing, opposition to sanctions motion, preparations of jury instructions and verdict form—was reasonable. Nor can I determine that the total amount of time spent on all the tasks, in combination, was reasonable, given the amount of time at issue and because most of Volcano's tasks were performed on several days by various attorneys.

*Id.*

That is precisely what Plaintiff has done here, which may have resulted from the fact that counsel apparently did not keep contemporaneous records of their billable hours (*See* ECF 253 ¶ 3 (time records only maintained by Connelly for time spent in trial); ECF 254 ¶ 2 (Driscoll's time records compiled based on her recollection and review of files); ECF 255 ¶ 3 (Marvin's time records compiled based on her recollection and review of files). Defendants have identified 171.4 hours that were block-billed by Connelly, which the Court will reduce by 20%, or 34.3 hours. The Court also adopts Defendants' proposed 1.5 hour reduction for inadequate description and billing for conflicts with another case on 5/26/17.

Defendants have identified 246.4 hours that were block-billed by Driscoll, which the Court will reduce by 20%, or 49.3 hours. (The Court finds that, contrary to Defendants' objections,

Driscoll did not block-bill for 3.5 hours on 1/12/17, for 2.7 hours on 4/3/17, or for 4.5 hours on 7/2/17.)

Finally, Defendants urge a reduction of 56.4 hours, or 30%, from the time claimed by Marvin, primarily for block-billing and inadequate description. Because the administrative tasks completed by Marvin (e.g., "finalize exhibit notebooks for trial") are easier for the Court to review without specific itemization, the Court imposes only a reduction of 10%, or 18.8 hours.

### C. Intern Fees

Plaintiff bills 82 hours for "deposition summaries," "driving witnesses," and "researching/writing" completed by legal interns Hannah Calas, Bill McClure, and Hollyanne Raymond. (ECF 253 at 22.) The Court finds that driving witnesses is not compensable, and that "researching" and "writing" are entirely too vague for the Court to examine. Additionally, the Court finds that "deposition summaries," without any itemization of what work was performed at what time, is not compensable because there is no way for the Court to review whether the time billed for was reasonable or whether tasks were duplicated by other attorneys.

### D. Costs and Expenses

"Under § 1988, the prevailing party may recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (internal quotations and citations omitted). These costs must be reasonable. *Id.* Defendants object to costs submitted by Plaintiff for hotel rooms, conference room space, and meals as unreasonable.

Plaintiff requests $16,098.44 for hotel rooms for Connelly, Driscoll, and Marvin during trial. (ECF 256 at 10.) Defendants argue that this expense was unreasonable because counsels' law office in Tacoma was only 36.2 miles from the courthouse. In fact, jurors are entitled to hotel

reimbursement only if they live at least 60 miles from the courthouse.[1]  Given the proximity of Tacoma and Seattle, the Court finds it was unreasonable for Plaintiff to bill for hotel reimbursement during trial.  The Court deducts the $16,098.44 requested for hotel expenses plus the $88.77 requested in interest.

Defendants also object to $3,331.65 requested for use of a conference room at the Westin hotel for seven days.  Plaintiff concedes that $1,399.18 was billed in error, which will be subtracted.  (*See* ECF 291.)  The Court is otherwise satisfied that the conference room was a reasonable expense given the size of the trial team and scope of materials involved.

Finally, Defendants argue that Plaintiff requests an unreasonable sum for meal reimbursement.  Meals are a recoverable expense.  *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).  Defendants object to $185.24 charged for a meal at the Westin Hotel on June 28, 2017, and an additional $188.49 charged at Specialty's Café & Bakery on July 17, 2018. (*See* ECF 256 at 7.)  In response to Defendants' argument that these amounts are excessive for two attorneys and a paralegal, Plaintiff explains that "this trial was won by the Connelly Law trial team, not just the two attorneys."  (ECF 290 at 6.)  An attorney may not treat his entire firm to dinner on a client's dime.  Because only Connelly, Driscoll, and Martin performed billable work at trial, only their meal expenses are eligible for reimbursement.  The Court will subtract the two meals identified by Defendants, at a sum of $373.73 plus $2.88 in interest.

**E. Multiplier**

After a court determines the "lodestar" amount by multiplying the number of hours reasonably expended in the litigation by a reasonable hourly rate, "a court may adjust the lodestar

---

[1] *See* http://www.wawd.uscourts.gov/jurors/hotels (last accessed March 27, 2018).

8

upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).[2] "The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Id.*

Plaintiff requests a 1.5 lodestar multiplier because this was a difficult case with no guarantee of success, and "a $15,135,000 verdict to the Plaintiffs in a case without any special damages is objectively a very good result." (ECF 252 at 8.) This is rather misleading. The Estate of Leonard Thomas did not recover more than $15 million; it recovered $1,885,000. (ECF 237.) Counsel for the Estate had the advantage of coordinating their preparation with counsel for the Thomas family plaintiffs, who received nearly 90% of the jury's award. While counsel for the Estate ably tried this case to a successful verdict, it is not the rare case where the lodestar amount is unreasonably low.

### F. Supplemental Declaration

After briefing on Plaintiff's initial fee motion concluded, Plaintiff submitted supplemental declarations seeking an additional $121,732.50 in fees and $5,291.90 in costs for work performed

---

[2] Under *Hensley v. Eckerhart*, 461 U.S. 424 (1983), 12 factors are relevant to the determination of the amount of attorney's fees: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 461 U.S. at 430 n.3. Many of these factors are subsumed in the lodestar calculation. *See Van Gerwen*, 214 F.3d at 1045–47.

after August 2, 2017. (ECF 337 at 2.) Most of this work involved research and writing of responses to Defendants' Motion for a New Trial, Motion for Judgment as a Matter of Law, Motion for Qualified Immunity, and Motion for Remittitur. (*Id.*) Plaintiffs prevailed on these motions. (ECF 353.)

Defendants respond generally that this request "suffer[s] from the same deficiencies as plaintiffs' original requests, including unreasonable rates and improper block-billing." (ECF 367 at 2.) Defendants have failed to state their complaints with particularity. Consistent with the discussion above, the Court will permit a $600 per hour rate for Connelly and $275 per hour rate for Driscoll. No multiplier will be added. Otherwise, the supplemental fee request is found to be reasonable.

### G. Final Supplemental Fee Declaration

On February 27, 2018, Plaintiff filed its final supplemental fee declaration, seeking an additional $3,062.50 in fees, representing 4.9 hours billed by Connelly. (ECF 365.) Defendants respond that these fees requested are for work performed after the notice of appeal was filed and relate to appellate matters. (ECF 367 at 3.) Connelly billed for items such as "Correspondence with Phil Talmadge re case and coming on board as appellate counsel," and, once Talmadge was retained, work on appellate issues. (ECF 365 at 6.) The Court agrees that it is premature to award fees on these matters, which are conditional upon Plaintiff prevailing on appeal.

## III. CONCLUSION

For the reasons herein, Plaintiff's motion is GRANTED IN PART, as follows:

**Initial Fee Petition (ECF 252)**

| TIMEKEEPER | RATE | HOURS CLAIMED | HOURS AWARDED | TOTAL |
|---|---|---|---|---|
| John R. Connelly | $600 | 349.2 | 294.6 | $176,760 |
| Meaghan M. Driscoll | $275 | 710.4 | 649.1 | $178,502.5 |
| Brooke E. Marvin | $150 | 333.2 | 299.4 | $44,910 |
| Hollyanne Raymond | $95 | 23.5 | 0 | $0 |
| William McClure | $95 | 35.5 | 0 | $0 |
| Hannah Calas | $95 | 23 | 0 | $0 |
| | | | **TOTAL** | **$400,172.50** |

**Supplemental Fee Petition (ECF 340)**

| TIMEKEEPER | RATE | HOURS CLAIMED | HOURS AWARDED | TOTAL |
|---|---|---|---|---|
| John R. Connelly | $600 | 39.2 | 39.2 | $23,520 |
| Meaghan M. Driscoll | $275 | 127.7 | 127.7 | $35,117.5 |
| Brooke E. Marvin | $150 | 9.4 | 9.4 | $1,410 |
| Micah R. LeBank | $500 | 21.1 | 21.1 | $10,550 |
| | | | **TOTAL** | **$70,597.5** |

**Final Supplemental Fee Petition (ECF 365)**

| TIMEKEEPER | RATE | HOURS CLAIMED | HOURS AWARDED | TOTAL |
|---|---|---|---|---|
| John R. Connelly | $600 | 4.9 | 0 | $0 |
| | | | **TOTAL** | **$0** |

**Costs & Expenses**

|  | REQUESTED | AWARDED |
|---|---|---|
| Pre-judgment costs and expenses (ECF 256) | $42,387.33 | $24,424.33 |
| Additional costs and expenses (ECF 340) | $5,291.90 | $5,291.90 |
|  | Total: | $29,716.23 |

Plaintiff the Estate of Leonard Thomas is hereby awarded **$470,770.00** in fees and **$29,716.23** in costs.

**SO ORDERED.**

Dated this 28th day of March, 2018.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge