**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| FREDRICK and ANNALESA THOMAS; and JO-HANNA READ, as Guardian ad Litem of E.T., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>JASON CANNON; BRIAN MARKERT; RYAN MICENKO; MICHAEL WILEY; MICHAEL ZARO; CITY OF FIFE; CITY OF LAKEWOOD; and PIERCE COUNTY METRO SWAT TEAM,<br><br>Defendants.<br><br>———————————————————<br>FREDRICK THOMAS and ANNALESA THOMAS, as Co-Administrators of the Estate of Leonard Thomas, and its statutory beneficiaries,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN MARKERT; MICHAEL WILEY; NATHAN VANCE; MICHAEL ZARO; SCOTT GREEN; JEFF RACKLEY; CITY OF FIFE; CITY OF LAKEWOOD; PIERCE COUNTY METRO SWAT TEAM; and JOHN DOES 1 through 10,<br><br>Defendants. | Nos. 3:15-05346 BJR<br>　　3:16-cv-05392<br>CONSOLIDATED CASES<br><br>ORDER GRANTING IN PART THOMAS FAMILY PLAINTIFFS' PETITION FOR ATTORNEY FEES, COSTS, AND EXPENSES |

## I. INTRODUCTION

Plaintiffs Annalesa Thomas, Fred Thomas, and E.T. move pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(2), and LCR 7(d)(3) for an order awarding attorneys' fees and nontaxable expenses as the prevailing party on the judgment entered on July 14, 2017. (ECF 246.) Plaintiffs initially requested $1,382,210.00 in pre-judgment attorneys' fees; $66,686.77 in pre-judgment costs; and $35,378.00 in post-judgment fees. (ECF 246.) In a supplemental declaration, Plaintiffs requested an additional $222,435 in fees and $13,582.50 in costs. (ECF 337.) Plaintiffs subsequently reduced their request for costs by $2,585.92 in light of payment received from the City of Fife. (ECF 358.) In a final supplemental declaration, Plaintiffs requested a further $16,895 in fees and $90.93 in costs. (ECF 364.)

Having reviewed the parties' submissions, the record of the case, and the relevant legal authority, the Court will GRANT IN PART Plaintiffs' Motion.

## II. DISCUSSION

Under 42 U.S.C. § 1988(b), a plaintiff who prevails under § 1983 "should ordinarily recover an attorneys' fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The Thomas family plaintiffs are requesting a straight "lodestar" fee, the product of the number of attorney hours reasonably expended in the litigation multiplied by the attorney's reasonable rate of hourly compensation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The lodestar calculation also includes the number of hours reasonably spent by paralegals and investigators. *See Missouri v. Jenkins*, 491 U.S. 274, 277 (1989). Under the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno*, 534

F.3d at 1111. The number of hours to be compensated is calculated by considering whether the time could reasonably have been billed to a private client. *Id.* (citing *Hensley*, 461 U.S. at 434). As a general rule, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Id.* at 1112. Defendants raise a number of objections to the hours and wages claimed by Plaintiffs, which the Court will address in turn.

### A. Duplicative, Unreasonable, or Inadequately Described Billing Entries

Defendants object that several of Plaintiffs' billing entries are duplicative, unreasonable, or inadequately described. (ECF 278 at 2.) First, Defendants object that Plaintiffs' petition contains multiple entries where at least two experienced attorneys billed for the same deposition, meeting, or hearing, with particular attention to instances where Plaintiffs' attorneys Tim Ford and David Whedbee both billed for the same depositions. Defendants acknowledge that there are situations where multiple attorneys are justified at a deposition, but maintain that it was not appropriate where both attorneys are highly experienced and billing at high rates. The Court is not persuaded by this objection. Attorneys Ford and Whedbee jointly deposed only key individuals who were party opponents or otherwise crucial witnesses. This was a reasonable staffing decision for one of "the most critical points in the litigation." *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008).

Second, Defendants argue that the Court should deduct all entries for intra-office conferences and for reviewing intra-office conferences between other people. Defendants request a 2.5% reduction from the final award to compensate for intra-office communications, and an additional 2% reduction for weekly meetings. (ECF 278 at 6.) In response, Plaintiffs claim that their legal team held a total of 16 meetings during the four years of litigation to periodically discuss division of labor and litigation strategy. (ECF 286 at 3.) The Court agrees that these conferences

3

and meetings were reasonable. *See Prison Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095, 1103-04 (N.D. Cal. 2008) (rejecting fee challenge based on multiple attendance and excessive internal conferencing).

Next, Defendants urge the Court to deduct 20% of attorney Patrick Felde's time for inadequate description. Defendants highlight time entries such as 6.3 hours for "Research documents for attorney review"; 4.2 hours for "Review audio and video records responses from Fife"; and 6.4 hours for "Prepare document list for initial disclosures." (ECF 278 at 7.) The Court does not find these entries to be unreasonably vague. While the entry for "Research documents for attorney review" is not a model of clarity, its substance can be discerned by the surrounding entries related to Plaintiffs' tort claims. *See Schwarzenegger*, 561 F. Supp. 2d at 1103 (Plaintiff's entries may be readily understood when viewed in the context of surrounding entries). Defendants' other two examples are not vague. Given the extensive audio and video records and initial disclosures produced in this case, it is clear how Felde spent his time for these entries.

Defendants further argue that Cristy Caldwell's trial time should be reduced by 114.5 hours because it is inadequately described and unreasonable. Defendants object to time entries for "trial preparation" and "attend trial." (ECF 278 at 7.) The Court agrees that many of these entries are too vague for the Court to discern whether Caldwell was performing compensable tasks. However, Defendants acknowledge that an explanation is provided in Whedbee's Declaration, where he attests that during trial Caldwell "ran Plaintiffs' trial presentation software, Trial Director, and prepared daily electronic witness notebooks and exhibits lists." (ECF 247 at 6.) Assigning these tasks to Caldwell was a reasonable division of labor in a complex case so that the lead attorneys could focus on the substance of each witness's testimony. However, because Caldwell's time was not properly itemized so that the Court and Defendants could reasonably discern the propriety of

4

each entry, the Court will reduce these entries by 20%. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (affirming 20% reduction for billing entries that make it "difficult to determine how much time was spent on particular activities.").

### B. Fees for Providing Materials to the Media

Defendants argue that 2.5 hours billed for providing documents to and corresponding with a Seattle Times reporter are not compensable. Plaintiffs concede this objection, and the Court will deduct .5 hours from Patrick Felde's time, .9 hours from David Whedbee's time, and .1 hours from Tim Ford's time.

### C. Block-Billing

Defendants ask the Court to deduct 20% of the requested time of Troy Lucati, Tiffany Cartwright, and Cristy Caldwell for block-billing. Block-billing is "the method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch*, 480 F.3d at 945 n.2. "A party complaining about attorney fees has a burden of stating their complaints with particularity." *Nat. Res. Def. Council v. Locke*, 771 F. Supp. 2d 1203, 1214 (N.D. Cal. 2011) (alterations adopted) (citing *Gates v. Deikmejian*, 987 F.2d 1392 (9th Cir. 1992); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008) ("the burden of producing a sufficiently cogent explanation can mostly be placed on the shoulders of the losing parties, who not only have the incentive, but also the knowledge of the case to point out such things as excessive or duplicative billing practices. If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut.")). While the Ninth Circuit has permitted a 20% deduction for block-billed entries, it has held that it is error for a district court to apply a 20% reduction to *all* of an attorney's requested hours because the

reduction may only be applied to "those hours that were actually billed in block format." *Welch*, 480 F.3d at 948.

Defendants identify one entry of block-billing each for Locati, Cartwright, and Caldwell. Plaintiffs acknowledge that the seven hour entry for Locati on August 3, 2016 was block-billed, and therefore that entry will be reduced by 20%, or 1.4 hours. Defendants object to 7.2 hours billed by Cartwright on May 16, 2017 for "Trial exhibits, jury instructions, joint pretrial statement." Because this entry was not itemized for time spent on specific tasks, the Court will reduce this entry by 1.4 hours as well. As addressed above, the Court will also reduce by 20% those hours billed by Caldwell for "trial preparation." The Court recognizes such entries in 2017 on June 22 (12 hours); June 23 (12 hours); June 26 (11.7 hours); June 27 (11.8 hours); June 28 (12 hours); June 29 (11.7 hours); June 30 (10.7 hours); July 5 (11.8 hours); July 6 (10.5 hours); and July 10 (10.3 hours). According to the Court's calculation, these hours add to 114.5 hours, and a 20% reduction requires the subtraction of 22.9 hours.

Defendants identify other billing entries that are divided into increments that do not add up to the total amount billed for. On April 11, 2017 Caldwell billed for 4.1 hours but the time increments only add up to 3.1 hours, and Locati billed for 1.8 hours but the time increments only add up to 1.3 hours. (ECF 257-1 at 97.) On June 12, 2017, Locati billed for 5.5 hours but the time increments only add up to 3.5 hours. (ECF 257-1 at 120.) The Court agrees that a reduction is appropriate in these instances, and subtracts 1 hour from Caldwell's time and 2.5 hours from Locati's time.

### D. Additur

Defendants argue that Plaintiffs should not be awarded fees related to their motion on additur because they did not prevail on this motion. Plaintiffs respond that they "achieved success

6

by forcing Defendants to concede there was a basis for finding Fred Thomas was [the] prevailing party on [his] Fourth Amendment claim." (ECF 286 at 7.) The Court disagrees. Plaintiffs' motion for additur was clearly unsuccessful, which is plain from the fact that the Court did not add a dollar in nominal damages as Plaintiff's requested. Indeed Plaintiffs conceded that the motion "should be denied or stricken as moot." (ECF 259.) The Court did exactly that. (ECF 260.) The Court deducts 1.6 hours from Whedbee's time and .5 hours of Cartwright's time.

### E. Tim Ford's Rate

Defendants suggest $550 per hour is a more reasonable rate for Tim Ford than the $600 per hour that he requests. In a footnote, Defendants further suggest that $425 per hour is more reasonable than the $450 and $500 per hour billed, respectively, by Joe Schaeffer and Jesse Wing. The Court finds that $600 per hour is a reasonable rate for a senior civil rights attorney in the Seattle market, and that the rates billed by Schaeffer and Wing are appropriate given their experiences and qualifications.

### F. Fees Related to Mr. Heipt

Defendants argue that fees related to attorneys hired to opine on the reasonableness of rates are not compensable, and request the reduction of .4 hours from Whedbee's time and .1 hours from Ford's time. Plaintiffs concede that these deductions are appropriate.

### G. Supplemental Fee Declarations

After briefing on Plaintiffs' initial fee motion concluded, Plaintiffs submitted supplemental declarations seeking an additional $222,435 in fees and $13,582.50 in costs and expenses for work performed after August 2, 2017. (ECF 337 at 2.) Most of this work involved research and writing of responses to Defendants' Motion for a New Trial, Motion for Judgment as a Matter of Law,

Motion for Qualified Immunity, and Motion for Remittitur. (*Id.*) Plaintiffs prevailed on these motions. (ECF 353.)

Defendants respond generally that this request "suffer[s] from the same deficiencies as plaintiffs' original requests, including unreasonable rates and improper block-billing." (ECF 367 at 2.) Defendants have failed to state their complaints with particularity. Consistent with the discussion above, the Court will subtract the .8 hours Ford billed on August 4, 2017 for work on the additur motion. Otherwise, the supplemental fee request is found to be reasonable.

### H. Final Supplemental Fee Declaration

On February 22, 2018, Plaintiffs filed their final supplemental fee declaration, seeking an additional $16,895 in fees and $90.93 in costs and expenses. (ECF 364.) Defendants respond that these fees are requested for work performed after the notice of appeal was filed and relate to appellate matters. (ECF 367 at 3.) Plaintiffs disagree, but state that "If the Court rules to the contrary, Plaintiffs ask only that the dividing line is made clear for future reference in Plaintiffs' applications for appellate fees." (ECF 368.) The Court finds that the clearest resolution is to reserve all entries made on or after the date of Defendants' notice of appeal, January 17, 2018, until the conclusion of Defendants' appeal.

### I. Costs

Having received no objection, the Court grants Plaintiffs' request for nontaxable costs in full.

## III. CONCLUSION

For the reasons herein, Plaintiffs' motion is GRANTED IN PART, as follows:

**Initial Fee Petition (ECF 246)**

| TIMEKEEPER | RATE | HOURS CLAIMED | HOURS AWARDED | TOTAL |
|---|---|---|---|---|
| Tim K. Ford | $600 | 708.9 | 708.7 | $425,220 |
| David Whedbee | $425 | 791.8 | 788.9 | $335,282.50 |
| Tiffany Cartwright | $350 | 752.2 | 750.3 | $262,605 |
| Angela Galloway | $325 | 26.2 | 26.2 | $8,515 |
| Sam Kramer | $275 | 16.5 | 16.5 | $4,537.50 |
| Troy Locati | $220 | 649.9 | 646 | $142,120 |
| Cristy Caldwell | $175 | 962 | 938.1 | $164,167.50 |
| Patrick R. Felde | $175 | 369.3 | 368.8 | $64,540 |
| Joe Schaeffer | $450 | 2.6 | 2.6 | $1,170 |
| Jesse Wing | $500 | 2 | 2 | $1,000 |
| Katie Chamberlain | $425 | 1.4 | 1.4 | $595 |
| Kay Frank | $500 | .7 | .7 | $350 |
| Laura Faulstich | $175 | 1.7 | 1.7 | $297.50 |
| Terri Flink | $85 | .5 | .5 | $42.50 |
| | | | **TOTAL** | **$1,410,443** |

**Supplemental Fee Petition (ECF 337)**

| TIMEKEEPER | RATE | HOURS CLAIMED | HOURS AWARDED | TOTAL |
|---|---|---|---|---|
| Tim K. Ford | $600 | 182.9 | 182.1 | $109,260 |
| David Whedbee | $425 | 113.9 | 113.9 | $50,107 |
| Tiffany Cartwright | $350 | 151.6 | 152.6 | $53,410 |
| Angela Galloway | $325 | 15.9 | 15.9 | $5,167.50 |
| Cristy Caldwell | $175 | 21.2 | 21.2 | $3,710 |
| Jesse Wing | $500 | .6 | .6 | $300 |
| | | | **TOTAL** | **$221,994.50** |

**Final Supplemental Fee Petition (ECF 364)**

| TIMEKEEPER | RATE | HOURS CLAIMED | HOURS AWARDED | TOTAL |
|---|---|---|---|---|
| Tim K. Ford | $600 | 24.4 | 0 | $0 |
| David Whedbee | $425 | .2 | 0 | $0 |
| Tiffany Cartwright | $350 | 6.2 | 0 | $0 |
| | | | **TOTAL** | **$0** |

**Costs (ECF 364)**

| Pre-judgment costs and expenses (ECF 246) | $66.686.77 |
|---|---|
| Additional costs and expenses (ECF 337) | $13,582.50 |
| Costs and expenses paid by Fife (ECF 358-1) | ($2,585.92) |
| Final request for costs and expenses (ECF 364) | $90.93 |
| **Total:** | **$77,774.28** |

The Thomas family plaintiffs are hereby awarded **$1,647,112.50** in fees and **$77,774.28** in costs.

**SO ORDERED.**

Dated this 28th day of March, 2018.

Barbara Jacobs Rothstein
U.S. District Court Judge